**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joe Nathan GRAHAM, Defendant–Appellant.**

No. 08–14948

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 16, 2009.

Michelle Thresher Taylor, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Rosemary T. Cakmis, Federal Public Defender, Orlando, FL, Tracy M. Dreispul, Federal Public Defender, Assistant Federal Public Defender, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Nathan Graham is serving a federal prison sentence of 108 months for a crack cocaine offense. (The Guidelines sentence range prescribed a sentence of 108 to 135 months' imprisonment.) The district court, acting *sua sponte,* reduced his sentence to 87 months pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 of the Sentencing Guidelines. The court found that, under Amendment 706, Graham was entitled to a two-level reduction of his offense level. That reduction, coupled with his category II criminal history, yielded a sentence range of 87 to 108 months' imprisonment.

Graham now appeals his reduced sentence on the ground that the district court should have exercised its discretion under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and reduced his sentence to a term of 60 months under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), because a sentence of 60 months would be "sufficient to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a)."

In his brief to us, Graham argues that the district court misconstrued *United States v. Moreno,* 421 F.3d 1217 (11th Cir. 2005), in finding that *Booker* is inapplicable to § 3582 proceedings. He asserts that, under *Booker,* the Sentencing Guidelines and policy statements are advisory in § 3582 proceedings. Thus, the district court had authority to sentence him below the sentence range.

This court's recent decision in *United States v. Melvin,* 556 F.3d 1190 (11th Cir. 2009), forecloses Graham's argument. The district court's decision is, accordingly,

AFFIRMED.